IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| William Wingo, individually and on behalf of other similarly situated, *Plaintiff*, v. Martin Transport, Inc., *Defendant*. | Civil Action No. 2:18-cv-141 JURY DEMANDED |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff William Wingo ("Plaintiff"), individually and on behalf of all others similarly situated, files this Original Complaint against Defendant Martin Transport, Inc. ("Defendant"), and in support shows the Court the following:

### I. SUMMARY

1. This is a collective action brought pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA"). Plaintiff worked for Defendant as a Dispatcher. Plaintiff and a group of similarly situated former and current employees of Defendant routinely worked in excess of 40 hours per week, but were not paid for all overtime hours worked. Pursuant to a decision, policy, or plan/practice, Defendant unlawfully classified Plaintiff and other similarly situated individuals as exempt from laws requiring overtime pay, although they actually were and are non-exempt and entitled to overtime pay. Defendant's actions were and are willful and had the effect of denying the Plaintiff and other similarly situated individuals their overtime wages.

## II.  PARTIES

2. Plaintiff William Wingo is an individual residing in Jacksonville, Texas, who hereby consents to be a plaintiff in this lawsuit. His consent is attached as Exhibit A.

3. The "Potential Plaintiffs" are Defendant's current and former Dispatchers (and individuals performing similar dispatcher duties but who may have worked under different job titles) who were classified as exempt from the FLSA and not paid overtime pay for overtime work.

4. Defendant Martin Transport, Inc. is a Texas corporation with its principal place of business located in Kilgore, Texas. Defendant has appointed Chris Booth, 4200 Stone Road, Kilgore, Texas 75662 as its registered agent for service of process.

## III.  JURISDICTION AND VENUE

5. Federal jurisdiction arises because Plaintiff has asserted a claim arising under the provisions of the Fair Labor Standards Act, 29 U.S.C. § 201 et. seq.

6. Venue is proper in the Eastern District of Texas because Plaintiff resides in and was employed by Defendant in this District, Defendant engages in business and resides in this District, and the events forming the basis of the suit occurred in this District.

## IV.  COVERAGE

7. At all material times, Defendant has acted, directly or indirectly, in the interest of an employer or joint employer with respect to Plaintiff and Potential Plaintiffs.

8. At all times hereinafter mentioned, Defendant has been an employer or joint employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

9. At all times hereinafter mentioned, Defendant has been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

10. At all times hereinafter mentioned, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level, which are separately stated).

11. At all times hereinafter mentioned, Plaintiff and Potential Plaintiffs were individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206–207.

## V.   FACTUAL ALLEGATIONS

12. Defendant, through its fleet of trucks and trailers, offers surface transportation services primarily to petroleum, petrochemical, and chemical industries to transport products in Texas and throughout the United States.

13. At all relevant times, Defendant has had gross operating revenues more than $500,000.

14. Plaintiff worked as a Dispatcher for Defendant within the last three years, from approximately September 2013 through June 2017.

15. As Dispatchers, Plaintiff's and Potential Plaintiffs' job duties included contacting drivers to communicate assignments and details of assignments to the drivers,

receiving information from drivers to forward to other company employees for proper action, and performing other rote and ministerial duties.

16. Defendant employs other Dispatchers at locations in Texas and other states.

17. Plaintiff and Potential Plaintiffs were paid a salary for their work.

18. Plaintiff and Potential Plaintiffs routinely worked over 40 hours per week, but they were not paid for all the hours they worked in excess of 40 hours at a rate of one-and-one-half times their regular rates of pay.

19. Instead, Defendant's companywide policy and practice was to fail to pay Plaintiff and the Potential Plaintiffs for hours worked in excess of 40 hours in a week at a rate of one-and-one-half times their regular rate for hours worked over 40 in a workweek.

20. Defendant knew Plaintiff and the Potential Plaintiffs worked in excess of 40 hours per week and allowed and directed them to do so. Defendant, through its corporate management and managers, deliberately trained, supervised, instructed, and authorized its managerial employees to engage in the above unlawful practices and has ratified their actions thereafter, in order to enhance corporate profits and reduce its labor costs. Therefore, Defendant's conduct was willful or the result of reckless disregard for the FLSA's overtime requirements.

## VI. COLLECTIVE ACTION ALLEGATIONS

21. Plaintiff re-alleges and incorporates the above paragraphs as if fully set forth herein.

22. Plaintiff and Potential Plaintiffs performed the same or similar job duties as one another as described in the preceding paragraphs in that Plaintiff's and Potential Plaintiffs' primary job duties included contacting drivers to communicate assignments and details of assignments to the drivers, receiving information from drivers to forward to other company employees for proper action, and performing other rote and ministerial duties. Further, Plaintiff and Potential Plaintiffs were subjected to the same illegal pay plan in that they were paid on a salaried basis without compensation at one-and-one-half times their regular rates of pay for hours worked in excess of 40 hours in a workweek. Accordingly, Potential Plaintiffs who were victimized by Defendant's unlawful pattern and practices are similarly situated to Plaintiff in terms of job duties and pay provisions.

23. Defendant's failure to pay overtime compensation at the rates required by the FLSA results from generally applicable policies or practices and does not depend on the personal circumstances of Potential Plaintiffs. Thus, Plaintiff's experience is typical of the experience of Potential Plaintiffs. All Potential Plaintiffs, regardless of their precise job requirements or rates of pay, are entitled to overtime compensation for hours worked in excess of 40 hours per week.  Although the issue of damages may be individual in character, this does not detract from the common nucleus of liability facts. The questions of law and fact are common to Plaintiff and Potential Plaintiffs.

24. Defendant, through its corporate management and managers, knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice of failing to pay overtime compensation with respect to Plaintiff and Potential Plaintiffs.

## VII.  CAUSE OF ACTION: VIOLATION OF THE FAIR LABOR STANDARDS ACT

25. Plaintiff re-alleges and incorporates the above paragraphs as if fully set forth herein.

26. During the relevant period, Defendant violated and is violating the provisions of Section 7 of the FLSA, 29 U.S.C. § 207, and 215(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA as aforesaid, for workweeks longer than 40 hours, without compensating such employees for their work in excess of 40 hours per week at rates no less than one-and-one-half times the regular rates for which they were employed.

27. Defendant has acted willfully or with reckless disregard in failing to pay Plaintiff and Potential Plaintiffs in accordance with the law.

## VIII.  RELIEF SOUGHT

28. WHEREFORE, cause having been shown, Plaintiff prays for judgment against Defendant as follows:

   a. For an Order pursuant to Section 16(b) of the FLSA finding Defendant liable for unpaid back wages due to Plaintiff (and those who may join in the suit) and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff (and those who may join the suit); and

   b. For an Order awarding Plaintiff (and those who may join in the suit) the costs of this action;

   c. For an Order awarding Plaintiff (and those who may join in the suit) attorneys' fees;

   d. For and Order awarding Plaintiff (and those who may join in the suit) pre-judgment and post-judgment interest at the highest rates allowed by law; and

   e. For an Order granting such other and further relief as may be necessary and appropriate.

            Respectfully submitted,

            s/ J. Derek Braziel
            **J. DEREK BRAZIEL**
            Texas Bar No. 00793380
            jdbraziel@l-b-law.com
            **TRAVIS GASPER**
            Texas Bar No. 24096881
            gasper@l-b-law.com
            **LEE & BRAZIEL, L.L.P.**
            1801 N. Lamar Street, Suite 325
            Dallas, Texas 75202
            (214) 749-1400 phone
            (214) 749-1010 fax

            **GREGORY S. PORTER**
            Texas Bar No. 24002785
            **PORTER LAW FIRM, P.C.**
            3311 Woods Blvd.
            Tyler, Texas 75707
            (903) 561-5144
            (903) 705-6253 Fax
            greg@gregporterlaw.com

            **ATTORNEYS FOR PLAINTIFF**